**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

In re:

EDGAR L THURMOND, &  　　　　　　　　　CASE NO.: 10-10384-LMK
PAMELA B THURMOND,
　　　　　　　　　　　　　　　　　　　　CHAPTER: 7
　　　　　　Debtors.
_____/

**ORDER GRANTING CAPITAL CITY BANK'S**
**MOTION TO COMPEL AND ORDERING SANCTIONS**

THIS MATTER is before the Court on Creditor Capital City Bank's Motion to Compel Discovery which was filed on April 15, 2011 (Doc. 47). On May 5, 2011, a hearing was held on the Motion to Compel with James Donohue appearing on behalf of Capital City Bank ("CCB") and Lawrence Marraffino appearing on behalf of the Debtors.

**Facts Surrounding Motion for Contempt and 2004 Examination**

The Debtors' bankruptcy case was commenced on July 22, 2010 and the Debtors received their discharge on November 8, 2010 (Doc. 24). Several months after receiving their discharge, counsel for the Debtors filed a Motion for Contempt for Violation of the Discharge (the "Contempt Motion," Doc. 26) against Capital City Bank. The Contempt Motion contained 4 brief paragraphs alleging that Capital City Bank was "continuing to attempt to collect a debt after discharge of debtors." *Id.* The Contempt Motion also claimed to "have given *a multitude of fair notice* to Capital City Bank prior to filing this Motion for Contempt." *Id.* (emphasis added).

The original evidentiary hearing on the Contempt Motion was set for February 3, 2011. On January 24, 2011, Mr. Marraffino moved to continue the hearing for 30 days (Doc. 28) because he is a "solo practitioner" and was "ordered to appear at a mediation for a [different] case" on the same date as the evidentiary hearing. The next day, Mr. Donohue also moved to continue the

1

February 3, 2011 hearing claiming that CCB needed more than Mr. Marraffino's requested 30 days to conduct proper discovery on the Contempt Motion and stated that Mr. Donohue had "attempted to resolve this hearing date issue with [Mr. Marraffino], but has not received a response from a call placed to him." (Doc. 31, ¶¶ 8-9). This Court then granted CCB's motion to continue the Contempt Motion hearing for 60 days (Doc. 32).

On March 4, 2011, after the Contempt Motion hearing was continued, CCB's counsel filed a Motion for Rule 2004 Examination (Doc. 37) requesting to depose the Debtors as well as requesting production of documents of the alleged violations of the discharge by CCB. The Motion for 2004 Examination was granted on March 7, 2011 and scheduled the 2004 Examination of both Debtors for March 22, 2011 at Mr. Marraffino's office (Doc. 38).

Before Mr. Donohue even filed his Motion for 2004 Examination and request for document production, Mr. Marraffino's assistant apparently faxed a single document to Mr. Donohue's office on, or about, February 22, 2011. Mr. Marraffino indicated to the Court, at the hearing on the Motion to Compel, that the single document faxed to Mr. Donohue's office was a collection letter received by the Debtors from CCB post-discharge and was the basis for the original Contempt Motion. The delays surrounding Debtors' Contempt Motion persisted when the hearing was continued a second time on March 22, 2011 due to Debtors' counsel being involved in an automobile accident (*See* Doc. 41).

Finally, on April 15, 2011, CCB's counsel, Mr. Donohue, filed his Motion to Compel Discovery (Doc. 47) nearly three (3) months after the original filing of the Contempt Motion. Mr. Donohue's Motion to Compel alleged that Mr. Marraffino had repeatedly failed to produce any documents in accordance with the 2004 Examination order entered on March 7, 2011. Nor had Mr. Marraffino informed Mr. Donohue that the February 22, 2011 document was the only document relevant to the Contemt Motion. Moreover, the Motion to Compel alleged that Debtors'

2

counsel had not "cooperated" with attempts to reschedule 2004 examinations of the Debtors. As evidence of Mr. Marraffino's lack of cooperation, Mr. Donohue attached emails spanning from March 19, 2011 to April 13, 2011 between himself and Mr. Marraffino.

Mr. Donohue's first email on March 19, 2011 offered to reschedule the 2004 examination, requested production of the documents which were not delivered in accordance with this Court's 2004 Examination Order, and directed Mr. Marraffino to call if he had any questions. (*See* Doc. 47, Exhibit "A"). Mr. Marraffino responded to Mr. Donohue's March 19 email with one line: "Will do. Thanks." *Id.* Again, Mr. Marraffino failed to inform Mr. Donohue that Mr. Marraffino's assistant had already faxed over all relevant discovery on February 22, 2011. Over the span of the next several weeks, Mr. Donohue emailed Mr. Marraffino about production of documents and rescheduling the 2004 examination to which Mr. Donohue received no responses until April 10, 2011. When Mr. Marraffino finally responded, again with one line, he stated, "I have many other cases. I will get you the discovery as soon as I can." *Id.* The email discourse between the two continued with Mr. Donohue recognizing that he, too, had many cases and needed production of documents in order to understand what the Debtors' one page Contempt Motion was alleging. Mr. Marraffino responded to Mr. Donohue's subsequent email with, "Just relax. We will get it to you early next week."[1] *Id.* No discovery or documents were ever produced. Throughout the pendency of the Contempt Motion, Mr. Marraffino failed to notify Mr. Donohue that the document faxed on February 22, 2011 was the sum of the documents requested by Mr. Donohue,

### Hearing on CCB's Motion to Compel

The hearing on the Motion to Compel was schedule for May 5, 2011. On the day before the hearing, Mr. Marraffino filed his Response to CCB's Motion to Compel stating that the "Debtors

---

[1] Due to the brevity of Mr. Marraffino's email, it is unclear what exactly he meant by "it." Presumably, Mr. Marraffino was referring to the production of documents requested by Mr. Donohue which had allegedly already been produced on February 22.

3

have provided Movant with all documents responsive to his request for discovery" and claiming that he called Mr. Donohue and informed him that Mr. Donohue "had been in receipt of the documents since February 22, 2011." (Doc. 55, ¶¶ 3-4).

Finally, at the hearing on the Motion to Compel, Mr. Marraffino failed to provide any reasonable excuses for his negligent actions in failing to respond to repeated requests for discovery. Moreover, Mr. Marraffino argued at the hearing that the February 22, 2011 production of the single document fully complied with the CCB's formal request for production of documents on March 7, 2011.[2] Thus, Mr. Marraffino's office apparently complied with the formal request for documents almost 2 weeks before the request was even made. But then, over the course of several months, Mr. Marraffino never notified Mr. Donohue of the preemptive compliance with the discovery requests. Mr. Marraffino also insinuated that he should be given some leeway for his failure to produce documents since he is a solo practitioner and has about a dozen jury trials from now until December 2011. This was not a compelling or reasonable excuse for the delay in production of documents especially considering that Mr. Marraffino claims the production of documents was satisfied on February 22, 2011 when his assistant faxed Mr. Donohue's office a single document.

### **Discussion**

Fed. R. Bankr. P. 7037(a)(1) permits a party to "move for an order compelling disclosure or discovery" and the motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery, in an effort to obtain it without court action." Here, it is quite evident that CCB's coun-

---

[2] Mr. Marraffino also failed to provide any documentation or evidence of the "multitude of fair notice" that he allegedly gave CCB in Paragraph 3 of the Contempt Motion (Paragraph 3 was mistakenly labeled as Paragraph 4).regarding the alleged discharge violations.

4

sel, Mr. Donohue, attempted in good faith to obtain disclosure or discovery from Debtors' counsel, Mr. Marraffino.

Throughout the pendency of the Contempt Motion, Mr. Donohue has attempted in good faith to obtain production of documents over the course of almost four (4) months. Mr. Donohue has consented to continuing this matter several times and has been amenable to rescheduling the 2004 examinations of both of the debtors. Mr. Marraffino, on the other hand, has neglected to cooperate with opposing counsel over the course of the last four (4) months, stringing Mr. Donohue along and promising to produce documents. Then, on the eve of the hearing on Mr. Donohue's Motion to Compel, Mr. Marraffino filed a motion claiming he had disclosed all relevant documents before any formal discovery production had even been requested. Mr. Marraffino made the same claim in the hearing the next day. If that was the case, then Mr. Marraffino could simply have responded to Mr. Donohue's multiple production requests by claiming that Mr. Donohue had all relevant documents in his possession. Instead, Mr. Marraffino either failed to answer Mr. Donohue or promised that Mr. Donohue would receive more documents and discovery.

Since Mr. Marraffino has consistently failed to disclose any other documents, or to make his clients available for 2004 examinations, the only documentary evidence he will be permitted to supply in support of his Contempt Motion will be the document he faxed to Mr. Donohue on February 22. *See* Fed. R. Bankr. P. 7037(c)(1). Also, since Mr. Marraffino's conduct (or lack thereof) necessitated this Motion to Compel, Mr. Marraffino must pay Mr. Donohue's reasonable expenses for bringing the motion in the amount of $500 pursuant to Fed. R. Bankr. P. 7037(a)(5)(A), which states, in relevant part:

> "if the [contempt] motion is granted...the ***court must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion...to pay movant's reasonable expenses incurred in making the motion, including attorney's fees."  (emphasis added).

5

Accordingly, it is hereby

ORDERED and ADJUDGED that Capital City Bank's Motion to Compel Discovery (Doc. 47) is GRANTED and Debtors' counsel, Lawrence Marraffino, is ordered to pay to Capital City Bank's counsel, James Donohue, the amount of $500.00 pursuant to Fed. R. Bankr. P. 7037(a)(5)(A).

It is FURTHER ORDERED and ADJUDGED that the only documentary evidence the Debtors will be permitted to present in support of their Motion for Contempt will be the document faxed to Mr. Donohue's office on February 22 pursuant to Fed. R. Bankr. P. 7037(c)(1).

DONE and ORDERED in Tallahassee, Florida this 17th day of May, 2011.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all parties in interest